# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF NORFOLK, OCTOBER TERM 1825, AT DEDHAM

PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM, ⎱ Justices.
Hon. SAMUEL S. WILDE, ⎰

---

## Benjamin Fisher, Treasurer &c., *versus* Isaac Ellis, Executor &c.

Several inhabitants of a parish signed a subscription paper, binding themselves to pay
or give their notes for the sums affixed to their names to the parish treasurer, to
constitute a fund, which was to be managed by the settled minister, treasurer and
parish committee as a board of trustees, and the income to be devoted for ever to
the annual support of a minister. The parish voted to accept the donations. The
defendant, pursuant to the terms of the subscription paper, gave his promissory
note, in which he acknowledged that he had borrowed and received the sum sub-
scribed by him of the parish treasurer, and promised to repay the same to such
treasurer or his successor, according to the conditions of the donation, with interest
annually, and for several years did pay the interest. *Held,* that a sufficient con-
sideration for the promise was stated in the note, which the defendant could not
contradict; that the parish might maintain an action on such note in the name of the
treasurer for the time being; and that the trustees, in case of their neglect, might
be compelled by a bill in chancery to appropriate the fund according to the intention
of the donors.

ASSUMPSIT, brought by the treasurer of the third parish
in Dedham, upon the following promissory note signed by
Oliver Ellis, the defendant's testator, viz.: — " Dedham, June
1st, 1811.  Borrowed and received of Willard Gay, Esquire,

treasurer of the third parish in Dedham, seventy-five dollars, which sum I promise to repay him or his successor in said office, according to the conditions of a donation made to said parish, and accepted by them by a vote passed May 30th, 1811, and recorded in the parish book of records, reference thereto being had, with interest on the first day, of March annually."

The conditions referred to were contained in a subscription paper, dated April 18th, 1811, by which forty-two persons agreed to pay the several sums affixed to their names, (75 dollars being affixed to that of O. Ellis,) to the treasurer of the third parish in Dedham. Among other things, it was stipulated that the sums subscribed should be placed at interest, and the interest devoted for ever to the annual support of a gospel minister of the congregational denomination ; that any subscriber should be entitled to the loan of the sum subscribed by him, by giving his note therefor to the parish treasurer and paying the interest annually ; but that if such subscriber should neglect to pay the interest for the space of thirty days after it should fall due, it should be the duty of the trustees hereafter mentioned forthwith to compel payment of the principal sum ; that the settled minister, the parish treasurer, and parish committee, should be a board of trustees to manage the fund, and to have the entire control of it, subject to the conditions of the donation ; that in case the parish should misapply the fund, or place the house of worship at a greater distance than fifty rods from where it then stood, or should be destitute of a settled minister for the space of six years, it should be liable to repay to the donors or their representatives the sums subscribed ; and that the proprietors, should a majority of them think best, might within two years get incorporated, and might vary the mode of managing the fund, but not the application of it.

In May 1811, O. Ellis made the note declared on, the interest on which he paid during his life. No other consideration was received by him than what is expressed in the subscription paper. A vote of the parish was passed in May 1811, accepting the donation according to the conditions of **324** the subscription paper, and another vote ordering that instrument to be inserted in the parish records ; and since then the

Fisher
*v*
Ellis.

board of trustees have had the control of this note and of the rest of the fund, and have complied with the requisitions of the subscription paper. Some of the subscribers paid money, and others gave notes similar to the one declared on, and have paid the interest annually.

In the Court of Common Pleas the defendant objected to the reading of the note to the jury, because the plaintiff had no legal interest in it, and was not a party to it. He also objected to the reading of the parish records, because the parish was neither a party to the contract declared on, nor could it assume the obligations which seemed to be intended by the recorded votes. He further objected that there was no legal consideration for the note. And lastly, he objected to the whole proceedings in creating and managing the fund, because no party had promised to accept and appropriate it according to the intention of the donors. But *Williams* J. overruled all these objections and ruled that the parish might sustain the action in the name of their present treasurer, and directed the jury to find for the plaintiff. Whereupon the defendant filed his exceptions.

*Worthington* in support of the exceptions. The promise was void for want of a consideration. *Boutelle* v. *Cowdin*, 9 Mass. R. 254 ; *Limerick Academy* v. *Davis*, 11 Mass. R. 113 ; Yelv. 41, Metcalf's note. There was no mutuality of promise ; no promise of any party to perform the conditions of the subscription paper. *Essex Turn. Corp.* v. *Collins*, 8 Mass. R. 292 ; *New Bedford Turn. Corp.* v. *Adams*, ibid. 138. The legal estate was in the trustees and the parish was only the *cestui que trust ;* but neither the trustees nor the parish made any such promise. The promise to refund in certain cases was made without authority ; a parish cannot bind itself for future years in regard to the support of public worship. The trustees had the control of the fund, and the action is improperly brought by the parish treasurer.

*Richardson* and *Metcalf, contrà.* The promise was founded on a legal consideration. The parishioners were under a legal obligation to support public worship, and this fund would cause a diminution of their taxes. One promise is a good consideration for another, and here the parish, by accepting the donation,

*Oct. 25th.*

**325**

promised to comply with the conditions of the subscription paper. *Mc Auley* v. *Billenger*, 20 Johns. R. 89 ; *Religious Society* v. *Stone*, 7 Johns. R. 112.

The note contains an acknowledgment of value having been received, which cannot be contradicted, no fraud nor failure of consideration being proved. 2 Stark. on Evid. 280 ; *Bowers* v. *Hurd*, 10 Mass. R. 427.

It would be a fraud on third persons, not to enforce this contract. Several have paid the sums subscribed by them, led on by the defendant's testator, who paid the interest on this note during his life. *Holmes* v. *Dana*, 12 Mass. R. 190 ; *Goodrich* v. *Gordon*, 15 Johns. R. 6 ; *Coolidge* v. *Payson*, 2 Wheat. 66 ; *Farmington Academy* v. *Allen*, 14 Mass. R. 172.

*Worthington* in reply. The case of an acknowledgment of value received in negotiable notes is not applicable. This note refers to the subscription paper, and both are to be taken as one transaction, and it thus appears that the money had never been paid to the promisor.

*Oct. 28th.* PARKER C. J. delivered the opinion of the Court. We are not able to perceive any sufficient reason against the plaintiff's recovering in the present action. The promise is made to the third parish in Dedham, through their treasurer, and it is expressly made to the successors in that office. The parish is a legally existing body, having a right to hold funds, and to be a debtor or creditor. The present plaintiff is the lawful successor of him to whom the promise was immediately made. There is then no objection to the character or capacity of the plaintiff. A promise made to A, for the benefit of B, may be sued by A or B. Com. Dig. *Action &c. upon Assumpsit*, *E*.[1]

We think it cannot be objected that there was no consideration for this promise. The defendant's testator acknowledged a consideration, to wit, that he had borrowed and received the sum of money which he promised to pay. Taking the words of the writing on which the action is brought, it would

---

[1] See *Levant* v. *Parks*, 1 Fairfield, 441 ; 1 Chitty on Pl. (6th Amer ed.) *Potter* v. *Yale College*, 8 Connect. R. 60.

appear that he had received 75 dollars from the treasurer of the parish on loan, and he would not be allowed to contradict this admission.[1] By the form of the transaction it seems to have been intended to be understood, that the testator had actually paid his subscription into the treasury, and then taken it out again on loan. Surely if he had paid the money, he could not recover it back again ; neither can he, having by his own acknowledgment borrowed it, refuse to repay it in violation of his promise. It is the same thing as if the sum borrowed had been money paid by any other subscriber. It is unlike the cases cited by the defendant's counsel, for in those, in addition to the objection of want of parties, there was thought to be no mutuality ; but here, taking the promisor's own acknowledgment, he had received a full consideration for his promise.

Nor is there a defect of remedy, in case the trustees should not apply the proceeds of the fund according to the conditions on which it was created ; for without doubt, on a bill in equity filed by the parish, or perhaps by any of the individual subscribers interested at the time in the fund, they would be compelled to execute their trust ; and if the parish itself should refuse or neglect to cause the fund to be appropriated according to the terms of the subscription, the subscribers or their representatives would have a right to recover the sums they may have advanced.

*Judgment affirmed.*

---

[1] See *Hill* v. *Buckminster*, 5 Pick. 391 ; *Barker* v. *Prentiss*, 6 Mass. R. 434 ; *People* v. *Howell*, 4 Johns. R. 303 ; *Pearson* v. *Pearson*, 7 Johns. R. 26 ; *Schoonmaker* v. *Roosa*, 17 Johns. R. 301 ; *Holliday* v. *Atkinson*, 8 Dowl. and Ryl. 163 ; *S. C.* 5 Barn. & Cressw. 501 ; 2 Stark. Evid. (5th Amer. ed.) 169, 170 ; *Bowers* v. *Hurd*, 10 Mass. R. (Rand's ed.) 430, n. (*a.*); *Phillips Limerick Academy* v. *Davis*, 11 Mass. R. (Rand's ed.) 119, n. (*a.*) ; *Williams College* v. *Danforth*, 12 Pick. 541 ; *Reid* v. *Furnival*, 1 Crompt. & Mees. 538.

Although a promissory note is expressed to be for value received, or contains any other acknowledgment of consideration, parol evidence is admissible, between the original parties, to prove that there was in fact no consideration. *Mills* v. *Wyman*, 3 Pick. 207 ; *Amherst Academy* v. *Cowls*, 6 Pick. 427 *Hill* v. *Buckminster*, 5 Pick. 391.